Fitzgerald v. Naumann, No. S0718-01 CnC  (Norton, J., May 24, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                        SUPERIOR COURT
Chittenden County, ss.:                                Docket No.S0718-01 CnC

FITZGERALD

v.

NAUMANN, et al.


ENTRY

Plaintiff Brian Fitzgerald's amended complaint alleges medical negligence against defendants Terence Naumann, M.D., Thomas Chittenden Health Center, PLC, Bela Ratkovits, M.D., and Fletcher Allen Health Care, Inc. ("Fletcher Allen").  Plaintiff has deposed the defendant doctors and now seeks to depose doctors employed by Fletcher Allen. Plaintiff has filed a motion to compel Fletcher Allen to make two of its doctors available for deposition.[1]  Fletcher Allen opposes the motion and

---

[1]A third doctor, Dr. Alsofrom, was included in the motion but has since been deposed by Plaintiff's counsel.

has moved, pursuant to V.R.C.P. 26(c), to protect the two doctors from being deposed. For the reasons stated below, Fletcher Allen's motion to protect is denied. The court withholds judgment on Plaintiff's motion to compel, pending Plaintiff's demonstration that the information sought is relevant.

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ." V.R.C.P. 26(b)(1). This relatively broad rule may be constricted when a party from whom discovery is sought shows a need for protection "from annoyance, embarrassment, oppression, or undue burden or expense." V.R.C.P. 26(c). "In other words, even though the information sought may be relevant and not privileged under 26(b)(1), the court may refuse to order a party to produce it. Schmitt v. Lalancette, 175 Vt. 284, 288 (2003). Fletcher Allen opposes Plaintiff's motion to compel by challenging the relevance of any evidence the two doctors could provide and supports its motion to protect by stressing the burden posed by allowing the doctors to be deposed.

Plaintiff alleges that the defendants negligently failed to diagnose a brain tumor. His case turns upon the appropriate standard of care for interpreting CT scan results and the potential use of MRI scans to correctly diagnose the tumor. The two remaining doctors Plaintiff seeks to depose, Drs. Braff and Sturtevant, are current chairpersons of the Neuroradiology Department and Radiology Department, respectively. Evidence suggests that neither doctor held his or her current position at the time of the alleged negligence and that Dr. Braff was not employed by Fletcher Allen until after the alleged negligence occurred.

Plaintiff's motion to compel does not argue the relevance of deposing Drs. Braff and Sturtevant. Instead, Plaintiff relies on an off-the-record conference between the parties held in chambers with Judge Katz.

Unfortunately, without a record the court is unable to confirm what was decided there. The court cannot rule out the possibility that the doctors' depositions might lead to relevant evidence, but it does not wish to speculate what the relevance might be. Given that neither doctor appears to have had a role in the alleged negligence, either as a treating physician or supervisor, their relevance is not immediately obvious. Therefore, a ruling on Plaintiff's motion to compel is withheld, pending Plaintiff's providing a theory of relevance.

Fletcher Allen, in support of its motion to protect, seems to rely primarily on its relevancy argument. Relevancy, however, is not a basis for a protective order. See V.R.C.P. 26(c). Fletcher Allen also mentions that depositions would take these doctors away from their busy practices, but does not demonstrate that the burden or expense in this case is "undue." Id. Fletcher Allen's motion to protect is therefore denied.

Accordingly, Defendant Fletcher Allen Health Care, Inc.'s motion to protect is denied. The court withholds judgment on Plaintiff Brian Fitzgerald's motion to compel discovery pending demonstration of the relevance of the information sought.

Dated at Burlington, Vermont this ___ day of May, 2005.

_____
Hon. Richard W. Norton
Presiding Judge